## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ALBERTA ROSE JOSEPHINE )
JONES, )
          )
         Plaintiff, )
          )
v. )         Case No. CIV-18-1220-R
          )
JOE HEATON, et al., )
          )
         Defendants. )

## ORDER

Before the Court is Plaintiff's *pro se* Complaint alleging a violation of her civil

rights by a number of Defendants, including the Chief Judge of this Court, Joe Heaton, a

judge on the United States Court of Appeals for the Tenth Circuit, Gregory Phillips, an

Oklahoma Supreme Court Justice, Douglas Combs, two state court district judges, Gregory

Butner and Sheila Kirk, Cindy Kirby, the Clerk of Court for Lincoln County, and three

members of the Lincoln County Sheriff's Office, Frank Chapman, Allan Brown, and Tim

Donaldson.[1] She sues each Defendant only in his or her official capacity. The Court has

reviewed Plaintiff's Complaint and finds that it should be dismissed upon filing as

frivolous.

District courts have the inherent power to manage their dockets. *See United States*

*v. Schneider*, 594 F.3d 1219, 1226 (10th Cir.2010*)(citing Link v. Wabash R.R. Co.*, 370

---

[1] Plaintiff also includes John Does 1-10 in the opening paragraph of the Complaint, but does not include any John Does as Defendants in either the caption or the section of the Complaint for listing Defendants. Additionally, there are no claims against any person identified as John Doe. Accordingly, to the extent Plaintiff intended to pursue claims against such persons, she has failed to state a claim.

U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *United States v. Nicholson*, 983

F.2d 983, 988 (10th Cir.1993)). This power includes the ability to "dismiss a frivolous or

malicious action ... even in the absence of [a] statutory provision." *Mallard v. U.S. Dist.*

*Court for the S. Dist. of Iowa*, 490 U.S. 296, 306–07, 109 S.Ct. 1814, 104 L.Ed.2d 318

(1989)(quotation marks omitted). In considering whether to dismiss a claim sua sponte for

failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure, the

Court must accept as true all factual allegations in the complaint and must draw all

reasonable inferences in the plaintiff's favor. *See Hall v. Bellmon*, 935 F.2d 1106, 1109

(10th Cir.1991). In reviewing a pro se complaint, the court applies the same legal standards

applicable to pleadings that counsel drafts, but the Complaint must be liberally construed.

*See Hall*, 935 F.2d at 1110. However, "[t]he broad reading of the plaintiff's complaint does

not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could

be based." *Id.*

Plaintiff alleges that her due process rights were violated. In part she bases her

contentions on a writ of error she filed before the Oklahoma Supreme Court requesting a

stay of state court proceedings and a supersedeas bond. Despite her request to the Supreme

Court, the lower court proceedings continued. She further contends motions she filed were

blatantly ignored.

Plaintiff's allegation against Judge Heaton is that cases should be randomly

assigned, but that Case No. 17-1287-HE, *Jones v. Jones*, was not randomly assigned, but

rather was directed to Judge Heaton.[2] She complains that in her appeal to the Tenth Circuit of dismissal of Case No. CIV-17-1287-HE, a mandate was issued without due process of law.[3] She further complains about treatment in state court with regard to her divorce proceedings and Judge Heaton's conclusion that she was not entitled to relief in her prior litigation. Plaintiff cites to other case files as containing factual support for her claims.

In the section of the Complaint entitled "Injuries," Plaintiff alleges:

> I have lost money and my health because of this. I am unable to sleep. Judge Joe Heaton and Judge Gregory L. Phillips chose to ignore my complaints about the violation of my due process rights allowing instead to say that I had no due process rights in state court proceedings. I had no right to complain about being forced into court in a county not of my residency and being illegally tape recorded and harassed. I had no right to recuse a bias judge who was assigned by a biased Oklahoma Supreme Court justice.
>
> * * *
>
> State court divorce proceedings involved much more than an equitable division of property it involves clear fraud.
>
> Judge George Butner has been communicating [ex parte] with not only Shanda L. Adams but with two other attorneys who are not residents of this state i.e. Rick Dane Moore and Patricia Wick Moore both of Boca [Raton] Florida.

Doc.No. 1, p. 7. As relief Plaintiff requests:

> 1)Divorce in state court proceedings Case No. FD-2015-0004 Default Judgment be set aside and the case dismissed with prejudice

---

[2] According to the docket sheet in Case No. CIV-17-1287-HE, the case was originally assigned to Judge Heaton and he presided over the case until dismissal on February 21, 2018. Plaintiff also complains that Case No. 18-1171-HE was assigned to Judge Heaton, and not randomly assigned. The Civil Cover Sheet for CIV-18-1171, filed by Plaintiff with her Notice of Removal, states that the case is related to Case No. CIV-17-1287-HE. Therefore, pursuant to General Order 11-1, In Re Assignment of Cases and Transfer of Related or Companion Cases, Subsection (E), the case was transferred from its randomly assigned judge, Judge Palk, to Judge Heaton, who presided over the lower-number related case. Accordingly, Plaintiff's contention that the case was mis-assigned is without merit and fails to state a claim.

[3] On November 8, 2018, a panel of the judges for the Tenth Circuit issued an Order affirming the dismissal of Civ-17-1287-HE. Defendant Judge Phillips was one of the three panel members.

2)Judge George Butner to be investigated all of his phone calls, emails etc with Shanda L. Adams, Rick Dane Moore, Douglas Combs and Patricia W. Moore, Defendant Donald David Jones states under oath in Pacific Grove, CA on or about April 6, 2018 that Judge Butner was giving 390 Melrose Ave, Pacific Grove, CA to Donald David Jones so he could sell it at auction. This was before the divorce decree became final or a default judgment was entered against Alberta Rose Jones.

3) Shanda L. Adams, Rick Dane Moore and Patricia W. Moore be investigated by the States Attorney General for corruption and money laundering as well as that of Judge George Butner.

4) Alberta Rose Josephine Jones to be allowed to live in peace. This has been an absolute nightmare.

5) Donald Jones to be investigated for fraud/money laundering.

6) Stop current proceedings immediately in Oklahoma state court Case No. FD-2015-0004. Stop having the "Sheriff" jump my fence. He does not have a warrant for my arrest. I have photos of him jumping my fence and breaking my door. He actually broke my gate.
7) Pull the "Contempt Citation" illegally entered against me.

Upon review of Plaintiff's allegations, the Court finds that she fails to state a claim for relief, and that the Complaint is subject to dismissal upon filing.

Plaintiff's claims against Judges Heaton and Phillips are subject to dismissal in part because she does not seek relief against either of these federal judges. Rather, Plaintiff's request for relief is directed to state court proceedings. Furthermore, to the extent the Complaint could be construed as seeking injunctive relief against Judges Heaton and Phillips, the Court finds they are entitled to absolute judicial immunity. Although the Tenth Circuit has not ruled definitely on this issue, the majority of federal courts that have considered the issue have concluded that judicial immunity protects federal judges from both money damages and injunctive relief.

In 1996, Congress amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for

an act or omission taken in such officer's judicial capacity ... unless a
declaratory decree was violated or declaratory relief was unavailable." 42
U.S.C. § 1983; *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)
(explaining that the amendment applies to both state and federal judges); see
also *Mullis v. United States Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385
(9th Cir. 1987); *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n. 5,
113 S. Ct. 2167, 124 L.Ed. 2d 391 (1993) (noting that the rules regarding
judicial immunity do not distinguish between lawsuits brought against state
officials and those brought against federal officials).

*Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).[4]

Plaintiff's claims against Oklahoma Supreme Court Justice Combs, District Judge

George Butner, and District Judge Sheila Kirk are also subject to dismissal. Section 1983

expressly disallows injunctive relief against a judicial officer "for an act or omission taken

in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory

relief was unavailable." *Catanach v. Thomson*, 718 F. App'x 595, 598–600 (10th Cir.

2017)(, *cert. denied*, 138 S. Ct. 1991, 201 L. Ed. 2d 250 (2018); s*ee also Knox v. Bland*,

632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff

may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements

were abrogated by the Federal Courts Improvement Act of 1996, which provides that

injunctive relief against a judicial officer shall not be granted unless a declaratory decree

was violated or declaratory relief was unavailable.") (citations and quotation marks

omitted); *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010) (unpublished)

("Judicial officers are explicitly immunized not only against damages but also against suits

---

[4] In *Rusk v. Warner*, 693F. App'x 778 (10th Cir. July 17, 2017), the Tenth Circuit affirmed dismissal of a complaint
premised in part on *Bolin*, stating that the Plaintiff's "position runs counter to the decisions of several other circuits
that have granted absolute judicial immunity to preclude injunctive claims against federal judicial officers." *Id.* at *
779.

for injunctive relief under 42 U.S.C. § 1983."). Ms. Jones has not alleged that Judges Combs, Butner or Kirby violated a declaratory judgment or that declaratory relief was unavailable. Her claim for injunctive relief is barred by § 1983 and therefore dismissed.

Plaintiff also named Cindy Kirby, Clerk of the Court Lincoln County, as a Defendant. The Court has reviewed both the Complaint and the attachments thereto, and finds that Plaintiff makes no factual allegations that involve Defendant Kirby. Section 1983 imposes liability for a person's own actions, personal participation in a constitutional violation is required. *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). Absent any factual allegations against Defendant Kirby, Plaintiff's claim against her is subject to dismissal.

The Court turns to Defendants Brown, a Deputy Sheriff for Lincoln County, and Defendant Donaldson, Under Sheriff for Lincoln County. The Complaint and its attachments do not provide any factual basis for a claim against either of these officers. Accordingly, they are dismissed because Plaintiff failed to allege personal participation by either. With regard to Defendant Chapman, a Deputy Sheriff for Lincoln County, once again, the Complaint does not specifically identify any factual allegations related to him. However, in the Supplemental Amended Notice of Removal, originally filed in Case No. 18-CIV-1171 and attached to the Complaint herein, Plaintiff alleges that Defendant Chapman jumps her fence and tries to break into her home, despite the absence of a warrant for Ms. Jones. She also alleges "Ms. Jones has yet to see the contempt citation." (Doc. No. 1-1, p. 7). Presumably, Ms. Jones is complaining about Defendant Chapman's attempt to serve a contempt citation upon her related to the state court action. Nothing in these

allegations, however, is sufficient to support a claim under § 1983 for violating Plaintiff's constitutional rights. An implicit license exists to permit visitors to approach a home by the front path, knock, wait to be received, and then leave. "This implied license exists even in the face of signage prohibiting trespassing." *Malone v. City of Wynnewood*, 2017 WL 3671170 (W.D. Okla. Aug. 24, 2017). Accordingly, Plaintiff's claim against Defendant Chapman is hereby dismissed.

In short, the Court finds that Plaintiff has failed to plead any claim cognizable under § 1983. As noted by Judge Heaton in dismissing *Jones v. Jones*, CIV-17-1287-HE, on February 21, 2018:

> Plaintiff seems to be operating under a fundamental misunderstanding of the role of this court relative to the state courts. This court is not a higher appellate court which reviews state decisions on direct appeal. *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017)("[L]ower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.") . . . It certainly does not have the authority to stay a state court proceeding in the circumstances existing here.

*Jones v. Jones*, Case No. CIV-17-1287-HE, Doc. No. 18 at 3-4 (Feb. 21, 2018). Here, Plaintiff's requests for relief are subject to the same limitations. This Court cannot order the state court to dismiss a divorce proceeding or "pull a 'contempt citation'; nor can it order that persons involved in the litigation of Plaintiff's divorce be investigated. To the extent Plaintiff requests that the Court have the sheriff stop jumping her fence she does not name the Sheriff as a Defendant, rather she names various members of his staff. The only factual allegations addressing this request for relief are insufficient to state a claim. Finally, the Court reiterates Plaintiff's request that she be allowed to live in peace and notes that

Plaintiff has initiated ten lawsuits in this Court since 2015 and appears to be causing much of the nightmare she alleges she is seeking to avoid.

Finally, the Court finds that amendment by Plaintiff would be futile and notes the proposed filing restrictions imposed by Judge Heaton in both CIV-18-1171-HE and CIV-18-1193-HE. The Court hereby DISMISSES this action with prejudice.

**IT IS SO ORDERED** this 30th day of January 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE